IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INTELLECTUAL VENTURES I LLC, ET AL.,

        Plaintiffs,

v.

PNC FINANCIAL SERVICES GROUP, INC., ET AL.,

        Defendant.

14cv0832

**ELECTRONICALLY FILED**

## Memorandum Order

This is an action for patent infringement. Defendant, PNC Financial Services Group, Inc., et al. ("PNC"), seeks to consolidate this action into a 2013 civil action and to leave the consolidated action stayed in accordance with a December 6, 2013 Order in the 2013 action. *See Intellectual Ventures I LLC v. PNC Fin. Servs. Grp., Inc.*, 2:13-cv-740 (W.D. Pa.)("2013 action," which is currently stayed). Doc. No. 31. Alternatively, PNC moves this Court to enter a separate stay of the present case pending the outcome of the Patent Trademark Office (PTO) proceedings. Plaintiffs oppose both motions. Doc. No. 34.

After careful consideration, the Court will exercise its discretion to both consolidate this action with 2:13-cv-740, and for the action to remain stayed and administratively closed. Had Plaintiff filed both actions at the same time, consolidation almost certainly would have been appropriate because both cases involve the same parties and accused products, overlapping technology, overlapping evidence, overlapping witnesses and overlapping damages issues. The wise administration of judicial resources should not be thwarted because Plaintiffs waited approximately one year after filing the 2013 to commence the currently litigation. Therefore,

1

Plaintiffs' statement that the patents are "unrelated" is incorrect. Many of the patents in each case involve overlapping technology, because many of the patents received the same Patent Trademark Office (PTO) Classifications - - "data processing" and "digital processing." Compare patents '382 and '701 (2013 action) with patents '666, '298 and '409 (current action). Although Plaintiffs seem to place much emphasis on the Court's discussion of its practice of trying discrete issues not in the usual order, with success (see *University of Pittsburgh v. Varian*, 2:08-cv-1307), the Court would never intend to multiply the proceedings, rather than streamline them, which would unfortunately be the result if the Court were *not* to consolidate this matter with the 2013 litigation.

The Court will grant the Motion to Consolidate as it is appropriate because both cases involve the same products and will give rise to very similar issues with respect to product development and operations. Moreover, having decided that consolidation is proper, the Court seems no valid reason to lift the stay of the 2013 litigation, or to not stay the current consolidated litigation.

Indeed, the four factors identified in *VirtualAgility v. Salesforce*, --- F.3d. ----, 2014 WL 3360806, at *11 (C.A. Fed. July 10, 2014), weigh in favor of stay: (1) whether a stay or denial thereof, will simplify the issue in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay, or denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and, (4) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and the Court.

As to the first factor, the Court finds that the PTO proceedings will undoubtedly simplify the issues in this case. In fact, a petition for review has been granted by the PTO with respect to

the '666 patent. With respect to Plaintiffs' claim that PNC is not choosing to be bound by any decisions in the reexamination proceedings, as PNC emphasizes and this Court agrees, the PTO's decisions will become part of the intrinsic records of the patents, and will therefore, simplify the issues to be decided by this Court. *e-Watch, Inc. v. ACTi Corp.*, 2013 WL 6334372, at *7 (W.D. Tex. Aug. 9, 2013)(PNC need not "be a party to IPR proceedings for the USPTO's substantive decisions in reexamination to have an effect on the patent issues to be litigated in this case."). Further, if the Court were to deny a stay and try even a portion of the case before the PTO renders its decision on the patents at issue, judicial resources would not be wisely employed. The case is also in the early stages of litigation, and thus the second factor strongly favors a stay as Court has not even conducted an ICMC (currently scheduled for 9/22/2014 - - see doc. no. 30). The third factor - - undue prejudice to the non-movant, also counsels in favor of a stay. Here, the delay would not be an indefinite or lengthy one, and the length of the delay is outweighed by the benefits from waiting for the PTO to exercise its expertise on the issues before it. After all, the PTO found all patents remaining in the 2013 action "more likely than not" to be invalid/unpatentable. See Doc. No. 31 at p. 1 and Doc. No. 33-5. Finally, the fourth factor favors the grant of a stay as it would reduce litigation burdens on the parties, and the Court.

For these reasons, PNC's Motion for Consolidation and/or Stay of Proceedings (doc. no. 31) is GRANTED.  This action is hereby Consolidated with 2:13-cv-740 (W.D. Pa. 2013), and the matter shall remain STAYED and Administratively Closed.

**SO ORDERED** this 12th day of August, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties